GRAND HAVEN BASKET FACTORY *v.* CITY OF GRAND
HAVEN.

TAXATION—SPECIAL ASSESSMENTS.
Where complainant owned several lots in a parcel together,
only one of them being in the assessment district fixed by the
common council, it was not competent to spread a special im-
provement tax amounting to more than the 25 per cent. of
the value of the lot against the entire parcel of lots owned by
complainant. 1 Comp. Laws, § 3876 (1 How. Stat. [2d Ed.]
§ 1821), 1 Comp. Laws, § 3196 (2 How. Stat. [2d Ed.] § 5718).

Appeal from Ottawa; Cross, J. Submitted January
16, 1913. (Docket No. 126.) Decided March 20, 1913.

Bill by the Grand Haven Basket Factory against the
City of Grand Haven to remove a tax lien from land of
complainant as a cloud on his title. From a decree for
defendant, complainant appeals. Reversed.

*Charles E. Soule* ( *C. Edward Soule,* of counsel), for
complainant.

*Daniel F. Pagelsen,* for defendant.

MOORE, J. The facts in this case are not in dispute.
The bill is filed to quiet title to real estate by removing a
cloud therefrom, arising from an assessment levied by de-
fendant as the cost of paving a public street running past
property owned by complainant.

The complainant is the owner of 8½ lots in the block
lying between Sixth and Seventh streets, and Madison and
Elliot streets, in Grand Haven. The street which was
paved was Seventh street. Lot 6 of complainant's prop-
erty fronted on Madison street running back on Seventh
street. This lot was the only lot in the parcel owned by
complainant that was in the paving district as established

by the city. The other lots were outside of the paving district.

We quote from the brief of complainant:

"The ward tax roll for the year 1910 is conceded to have been the last preceding ward tax roll in reference to said special improvement proceedings; and it is also conceded that in said ward tax roll for 1910 the entire 8½ lots owned by complainant were valued and assessed for State and county taxation, in one parcel, at $10,000. The assessment roll made by the special assessors, and duly confirmed April 17, 1911, fixed an assessment of $400.09 against the entire 8½ lots owned by complainant as its share or portion of the cost of the improvement, which amount thereby became a lien upon the entire of complainant's said property. Complainant and appellant contends that only lot 6 was subject to assessment, and that the remaining 7½ lots, having been omitted from the assessing district, and not being shown on the maps and drawings in connection with the improvement, were unlawfully included in the assessment made and confirmed for the cost of said improvement. It is further claimed in behalf of complainant and appellant that the value of said lot 6, as fixed by the said 1910 ward tax roll, is $1,176.47, which said sum bears the same relation to the $10,000, at which the entire parcel was assessed, as said lot 6 bears to the 8½ lots owned by complainant and valued as one parcel, and that the maximum amount lawfully assessable against said lot 6 on said valuation of $1,176.47 is 25 per cent. thereof, or $294.12. Complainant's bill admits liability for the full amount lawfully assessable against said lot 6, but alleges that the excess over $294.12 is unlawful and should be removed as a lien or cloud upon its title to said lot 6, and alleges, also, that no assessment was lawfully assessable against the remaining 7½ lots, and that the lien of $400.09 placed upon said lots by the confirmation of said assessment is a cloud upon the title thereto which complainant and appellant is entitled to have removed."

The court below sustained the validity of the tax as made.

Section 3196, 1 Comp. Laws (2 How. Stat. [2d Ed.] § 5718), reads in part as follows:

"In no case shall the whole amount to be levied by

special assessment upon any lot or premises for any one improvement exceed twenty-five per cent. of the value of such lot or land, as valued and assessed for State and county taxation in the last preceding ward tax roll."

Section 3876, 1 Comp. Laws, which is a part of the general tax law of the State (1 How. Stat. [2d Ed.] § 1821), reads in part as follows:

" Any person owning an undivided share, or other part or parcel of real property assessed in one description, may pay on the part thus owned by paying an amount having the same relation to the whole tax as the part on which payment is made has to the whole parcel."

The city council established an assessment district. This included lot 6. As before stated, it did not include the other lots. This being the situation, it was not competent to spread the assessment on the lots outside of the assessment district in the way it was done. See *Whitney* v. *Village of Hudson*, 69 Mich. 189 (37 N. W. 184). A decree should have been granted as prayed by the complainant.

The decree is reversed, and one may be entered here in accordance with this opinion, with costs of both courts to complainant.

STEERE, C. J., and McALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.